THE RENO OIL COMPANY, Respondent, *v.* CHARLES V. CULVER and Others, Appellants.

*Action for the cancellation of stock of a corporation issued without authority — what the complaint must allege.*

The right to issue certificates of stock is not one of the implied or incidental powers of a corporation, but exists, if at all, solely by virtue of the charter of the corporation or the statute under which it is incorporated.

A foreign corporation cannot maintain an action to procure the cancellation of certificates of stock alleged to have been illegally issued by its officers, in the absence of allegations showing that the corporation had the right to issue certificates of stock representing its capital or that the certificates alleged to have been illegally issued were executed by an officer having authority to execute them, or that they resembled in some degree certificates rightfully issued, or that some one had been, or would be, deceived or misled, damaged or injured by the purchase of them.

APPEAL by the defendants, Charles V. Culver and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of February, 1901, upon the decision of the court rendered after a trial at the New York Special Term, overruling the demurrers to the complaint.

*Coleridge A. Hart*, for the appellants.

*Louis O. Van Doren*, for the respondent.

McLAUGHLIN, J. :

The complaint in this action alleges in substance that the plaintiff is a foreign corporation, organized and existing under the laws of the State of Pennsylvania; that the defendant Culver is the president, and one Penn the secretary; that Culver, Penn and defendants Hutchinson and Huston are directors; that Culver and Hutchinson, or Culver, Hutchinson and Huston, conspiring together, wrongfully and unlawfully induced Penn, without any consideration therefor, to issue certain certificates of stock of the plaintiff, representing in the aggregate 100,210 shares; that such issue " exceeds the present legal issue of the capital stock of this plaintiff, entitled to vote at the stockholders' meetings;" that the defendant Major has, or claims to have, some interest in some of such certificates, but that he is not a *bona fide* holder of them, having acquired his alleged interest with full knowledge that such certificates were illegally issued; that unless the defendants be enjoined and restrained from disposing of such certificates, the plaintiff and its *bona fide* stockholders will suffer great and irreparable injury. The judgment demanded is that the defendants be enjoined and restrained during the pendency of the action from selling, assigning or disposing of such certificates, and that it be adjudged and decreed that they have no right, title or interest, either individually or otherwise, to the same, and that each defendant be directed to deliver the certificates for cancellation, and that the same be canceled. Each defendant demurred to the complaint upon several grounds. The demurrers were overruled and from the interlocutory judgment entered all of them have appealed. On the argument of the demurrers, as appears from the opinion delivered in the court below, only two of the grounds were insisted upon, and the same is true on the argument of the appeal from the judgment there rendered, viz., (1) that the complaint does not state a cause of action; (2) that causes of action have been improperly united.

We are of the opinion that the demurrers should have been sustained, not on the ground that causes of action have been improperly united (*New York & New Haven R. R. Co.* v. *Schuyler*, 17

N. Y. 592), but for the reason that the complaint does not state a cause of action against the defendants, or either of them, in that it does not appear that the plaintiff has or possibly can be injured in any way by reason of the acts complained of. The basis of plaintiff's claim, of course, rests upon the assertion that it or its stockholders for whom it is trustee has, or may sustain damage by the unauthorized and illegal acts of its secretary, its president and two of its directors, in issuing without consideration the certificates of stock specified, but no facts are stated from which a conclusion can be reached or an inference drawn that any damage whatever will be sustained by reason of such acts. The complaint alleges as indicated that the plaintiff is a corporation organized under the laws of Pennsylvania — whether a special statute or a general one does not appear. What these laws are is not stated, and being the laws of a foreign State the court cannot take judicial notice of them. The right to issue certificates of stock is not one of the implied or incidental powers of a corporation. (1 Morawetz Corp. § 325.) Such right, if it exists at all, is by virtue of the charter of the corporation or the statute under which it is incorporated. The powers of every corporation, like its corporate existence, are derived from some legislative act, and to determine whether it or its officers have the power to do a given act, binding upon it, resort must be had to its charter or the statute under which it was created. Unless they confer upon it the right to issue stock, it cannot be injured in any way by some or all of its officers attempting to do so. It is undoubtedly the general rule that a corporation is responsible for the acts of its officers in issuing certificates of stock, but the responsibility only attaches when it has power under its charter to issue certificates and the officers are clothed with power, apparent or real, to perform the acts complained of. (*Knox* v. *Eden Musee Co.*, 148 N. Y. 441.)

The plaintiff, therefore, in the absence of allegations showing that it had the right to issue certificates of stock, has a perfect defense to any claim that may be made by the holders of the certificates in question. (*Town of Venice* v. *Woodruff*, 62 N. Y. 462.) The complaint does not show what the capital of the plaintiff is; that it has the right to issue certificates representing its capital, or, assuming that it had such right, that the certificates issued were executed

by an officer having authority to execute them; that they resembled in any degree certificates rightfully issued, or that any one has been or will be deceived or misled, damaged or injured in any way by the purchase of them. In this respect the complaint is clearly distinguishable from the one in *New York & New Haven R. R. Co.* v. *Schuyler (supra).* There it appeared that the corporation was authorized by its charter to issue certificates of stock and that the certificates authorized by the charter, except seventy-eight, had been issued.; that the defendant was the president and transfer agent, and the one who had charge of the stock book from the organization of the company and who had authority during all of the time complained of to issue certificates of stock, and that by reason of his fraudulent acts, extending over a series of years, he had issued and disposed of a large number of certificates, which on their face purported to be genuine and were executed and signed in the same manner as genuine certificates and undistinguishable from them, but which, in fact, were fraudulent overissues for defendant's own private use.

In the absence, therefore, of appropriate allegations in the complaint before us, showing that under the charter of the plaintiff, or the statute under which it is incorporated, it has the right to issue certificates of stock representing its capital, and that the certificates which the defendants are alleged to have wrongfully caused to be issued will injure it in some way, or cause loss or damage to its *bona fide* stockholders, we are of the opinion that the complaint does not state a cause of action, and for that reason the demurrers should have been sustained.

It follows that the judgment appealed from must be reversed, with costs and disbursements and the demurrers sustained, with costs, with the right to the plaintiff to serve an amended complaint upon payment of costs and disbursements in this court and in the court below.

VAN BRUNT, P. J., RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Judgment reversed, with costs, and demurrers sustained, with costs, with leave to plaintiff to amend on payment of costs in this court and in the court below.